UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CIVIL ACTION NO. 5:25-CV-00314-KKC

APPALACHIAN REGIONAL HEALTHCARE, INC.                    PLAINTIFF

V.                          **ANSWER TO COMPLAINT**

ROBERT F. KENNEDY, JR., Secretary of Health
and Human Services,                                      DEFENDANT

COMES NOW Defendant Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, by and through the undersigned Assistant United States Attorney, and for his Answer to Plaintiff Appalachian Regional Healthcare, Inc.'s Complaint, states as follows:

1.      Paragraph 1 purports to summarize Plaintiff's Complaint, which speaks for itself and provides the best evidence of its contents. To the extent that Paragraph 1 may be read to set forth allegations of fact, Defendant denies.

2.      Defendant admits the allegations in the first sentence of Paragraph 2 that on May 20, 2021, Plaintiff filed a Complaint in the Eastern District of Kentucky, docketed as *Appalachian Regional Healthcare, Inc.*, Civil Action No. 5:21-cv-00138-CHB.  The second and third sentences of Paragraph 2 purport to characterize and summarize the Complaint in Civil Action No. 5:21-cv-00138-CHB, which speaks for itself and provides the best evidence of its contents.  To the extent these sentences may be read to set forth allegations of fact, Defendant denies.  Defendant denies the allegations in the third and fourth sentences of Paragraph 2, except admits that on August 20, 2021, the parties submitted Dkt. 12, Joint Motion for Voluntary Remand ("Joint Motion") in Civil

1

Action No. 5:21-cv-00138-CHB, which speaks for itself and provides the best evidence of its contents.

3.      Defendant admits the allegation in Paragraph 3 that on August 26, 2021, this Court entered Dkt. 13, Order Granting Remand, in Civil Action No. 5:21-cv-00138-CHB, which speaks for itself and provides the best evidence of its contents.

4.      Defendant admits the allegations in Paragraph 4 that the Principal Deputy Administrator for the Centers for Medicare & Medicaid Services ("CMS") issued the Order of the Administrator, PRRB Case Nos.: 18-1545, 18-1669, 18-1802, PRRB Decision No. 2021-D14, dated March 10, 2023, which speaks for itself and is the best evidence of its contents.

5.      Defendant admits the allegations in Paragraph 5 that on May 4, 2023, the Provider Reimbursement Review Board ("PRRB") issued its Notice of Reopening regarding PRRB Case Nos. 18-1545, 18-1669, and 18-1802, which speaks for itself and is the best evidence of its contents.

6.      Defendant denies the allegation in the first sentence of Paragraph 6, except admits that on July 5, 2023, Plaintiff filed a Brief on Remand, for PRRB Case Nos. 18-1545, 18-1669, and 18-1802.  Defendant admits the allegations in the second sentence of Paragraph 6.

7.      Defendant admits the allegation in Paragraph 7, that on July 9, 2025, the PRRB issued PRRB Decision 2025-D39 (the "PRRB Decision"), for Case Nos. 18-1545, 18-1669, and 18-1802, which speaks for itself and is the best evidence of its contents.

8.      Defendant admits the allegations in Paragraph 8, that on July 24, 2025, Plaintiff submitted a Request for Administrator Review of the PRRB Decision, which speaks for itself and is the best evidence of its contents.

9.      Defendant admits the allegations in Paragraph 9.

10.     Paragraph 10 purports to incorporate Plaintiff's Complaint in Civil Action No. 5:21-cv-00138-CHB, which violates the requirement in Federal Rule of Civil Procedure 8(d)(1) that "[e]ach allegation must be simple, concise, and direct," and on that basis, Defendant denies the allegations.

11.     Paragraph 11 sets forth legal conclusions to which no response is required, and to the extent it is deemed an allegation of fact requiring a response, it is denied.  Defendant denies all inferences or averments of violation of federal law.

12.     Paragraph 12 sets forth jurisdictional allegations to which no response is required. To the extent a response is required, Defendant avers that this Court may exercise jurisdiction over this matter, if at all, based only on 42 U.S.C. § 1395*oo*.

13.     Paragraph 13 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant avers that venue in this matter is governed by 42 U.S.C. § 1395*oo*(f)(1).

14.     Paragraph 14 purports to characterize and quote from 5 U.S.C. § 706, which speaks for itself and is the best evidence of its contents.

15.     Paragraph 15 sets forth Plaintiff's characterization of its lawsuit to which no response is required, except admit that Hazard ARH Regional Medical Center's Medicare Provider No. is 18-0029.

16.     Paragraph 16 sets forth Plaintiff's characterization of its lawsuit to which no response is required, except Defendant admits that Robert F. Kennedy, Jr. is Secretary of Health and Human Services (the "Secretary"), and respectfully refers the Court to 42 U.S.C. § 1395 *et*

3

*seq.* ("Medicare statute") for a statement of the Secretary's and the Department of Health and Human Services' ("HHS's") authorities and responsibilities under the Medicare statute.

17.    Defendant denies the allegations in Paragraph 17, except admits the Centers for Medicare & Medicaid Services ("CMS") is the operating component of HHS to which the Secretary has delegated considerable authority for program administration under the Medicare statute.

18.    Defendant admits the allegations in Paragraph 18, and respectfully refers the Court to the Medicare statute and its implementing regulations, which speak for themselves and are the best evidence of their contents regarding the Medicare program.

19.    Paragraph 19 purports to characterize and quote from the Federal Register, which speaks for itself and is the best evidence of its contents.

20.    Paragraph 20 purports to characterize and quote from the Federal Register, which speaks for itself and is the best evidence of its contents.

21.    Defendant admits the allegations in the first sentence of Paragraph 21.  Defendant denies the allegations in the second sentence of Paragraph 21.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 21, and on that basis, Defendant denies the allegations.

22.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on that basis, Defendant denies the allegations.

23.    Defendant admits the allegation in the first sentence of Paragraph 23, that in 2017, eligible providers participating in the CMS Hospital Inpatient Quality Reporting (IQR) Program were required to submit their Healthcare Personnel (HCP) Influenza Vaccination Measure data for

4

the 2016-2017 flu season (October 1, 2016 through March 31, 2017) by Monday, May 15, 2017, at 11:59 p.m. PT.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 23, and on that basis, Defendant denies the allegations.  Paragraph 23, Footnote 5 purports to characterize and quote from a Centers for Disease Control and Prevention document, which speaks for itself and is the best evidence of its contents.

24.     The first sentence of Paragraph 24 purports to characterize CMS's September 11, 2017, November 3, 2017, and March 8, 2018 Annual Payment Update Notification Letters to Hazard ARH Regional Medical Center and CMS's July 27, 2018 Letter regarding FY 2019 Hospital VBP Program Eligibility, which speak for themselves and are the best evidence of their contents. [AR vol. 4 at 24, 205; AR vol 5 at 66, 201; AR vol 6 at 33] Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 24, and on that basis, Defendant denies the allegations.

25.     Defendant denies the allegations in Paragraph 25.

26.     The first sentence of Paragraph 26 purports to characterize Plaintiff's September 22, 2017, November 13, 2017, and April 4, 2018 Requests for Reconsideration, which speak for themselves and are the best evidence of their contents.  Defendant denies the allegations in the second sentence of Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

5

29.    Paragraph 29 purports to characterize and quote from a federal appellate decision and the Secretary's brief in that appeal, which speak for themselves and are the best evidence of their contents.

30.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on that basis, Defendant denies the allegations.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant denies the allegations in Paragraph 35.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Paragraph 38 purports to characterize the PRRB Decision dated July 9, 2025, which speaks for itself and provides the best evidence of its contents.  Defendant denies the PRRB's conclusions were erroneous.

39.    Paragraph 39 purports to characterize and quote from Federal Register documents, which speak for themselves and are the best evidence of their contents.

40.    Paragraph 40 purports to characterize and quote from a Federal Register document, which speaks for itself and is the best evidence of its contents.

41.    Defendant denies the allegations in Paragraph 41.

42.    Paragraph 42 purports to characterize and quote from a Federal Register document, which speaks for itself and is the best evidence of its contents.

43.    Defendant denies the allegations in Paragraph 43.

44.    Paragraph 44 purports to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents.

45.    Paragraph 45 purports to characterize regulations, which speak for themselves and are the best evidence of their contents.

46.    Paragraph 46 purports to characterize a regulation and a district court decision, which speak for themselves and are the best evidence of their contents.

47.    Paragraph 47 purports to characterize the PRRB Decision dated July 9, 2025, which speaks for itself and provides the best evidence of its contents.

48.    Paragraph 48 contains argument, conclusions of law, and Plaintiff's characterization of the PRRB Decision dated July 9, 2025, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies any characterization of the PRRB Decision dated July 9, 2025, which speaks for itself and provides the best evidence of its contents.

49.    In response to paragraph 49, Defendant reasserts and incorporates by reference the responses to the allegations in paragraphs 1 through 48 of the Complaint as if fully stated herein.

50.    Paragraph 50 contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 50.

51.    Paragraph 51 contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 51.

52.     In response to paragraph 52, Defendant reasserts and incorporates by reference the responses to the allegations in paragraphs 1 through 51 of the Complaint as if fully stated herein.

53.     Paragraph 53 contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 53.

54.     Paragraph 54 contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 54.

55.     Paragraph 55 contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Paragraph 58, including subparagraphs A through D, constitute Plaintiff's request for relief to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in the request for relief and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

Defendant denies all allegations set forth in Plaintiff's Complaint that are not expressly admitted.

## DEFENSES

### FIRST DEFENSE

The Compliant fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The agency action complained of did not violate the Administrative Procedure Act, the

Medicare statute, or any other statutory or regulatory provision.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, and

for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

By:   s/ Charles P. Wisdom Jr.
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4903
Charles.Wisdom@usdoj.gov

Elizabeth Davis Stone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4923
Elizabeth.Stone@usdoj.gov

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a copy of this document to Counsel for Plaintiff.

s/ Charles P. Wisdom Jr.
Assistant United States Attorney
