UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
CIVIL ACTION NO. 5:25-CV-00314-KKC

APPALACHIAN REGIONAL HEALTHCARE INC.,                    PLAINTIFF

V.                    **PARTIES' JOINT STATUS REPORT**

ROBERT F. KENNEDY, JR., Secretary of Health
and Human Services                                       DEFENDANT

\* \* \* \* \* \* \* \* \*

Pursuant to the Court's Order of February 19, 2026 (R. 8), the parties conferred on March 11, 2026.  At the meeting, the parties discussed the subjects below and now respectfully request that the Court adopt the proposed case schedule outlined in Sections C, D, E, and F of this report.

A.      **Nature of the Case**

This is an administrative law case arising under the Medicare statute.  The issues in this case are whether Plaintiff, an acute care hospital that also provides outpatient services and operates an inpatient psychiatric facility, timely reported vaccination data for its healthcare personnel to the Centers for Medicare & Medicaid Services ("CMS") consistent with the legal requirements of 42 C.F.R. §§ 412.140(e), 412.434, and 419.46(g), and whether the penalties imposed by CMS were proper.  In 2017, CMS determined that Plaintiff failed to timely submit a particular data set – the Influenza Vaccination Coverage among its Healthcare Personnel for the 2016-2017 influenza season – as required by three separate quality reporting programs ("QRP"): (1) the Inpatient Psychiatric Facility QRP, (2) the Outpatient QRP, and (3) the Inpatient QRP).  As a result, CMS reduced Plaintiff's Annual Payment Updates for the subsequent fiscal and calendar years as provided by 42 U.S.C. §§ 1395*l*(t)(17)(A), 1395ww(b)(3)(B)(viii) and (s)(4); and, 42 C.F.R. §§

412.64(d)(2), 412.140, 412.424(d)(l)(vi)(A).  Plaintiff challenged these determinations before the Provider Reimbursement Review Board (the "Board"), which upheld CMS's determinations including the penalties imposed.  On September 8, 2025, Plaintiff filed the Complaint (R.1) to appeal the Board's Decision.  As alleged by Plaintiff before the Board and in the Complaint, Plaintiff asserts that it had timely complied with all substantive vaccination requirements but was unable to enter its Healthcare Personnel vaccination data because the government website stopped accepting that data ten hours before the announced midnight deadline.  On February 17, 2026, Defendant filed an Answer (R.7) responding to the Complaint.

### B.    Prospects of Alternative Dispute Resolution and Settlement

The parties do not presently believe the matter is suitable for alternative dispute resolution. However, the parties are engaging in settlement discussions and need additional time, 30 days, to continue negotiations to determine whether the parties will be able to resolve this matter without further litigation.

### C.    Discovery

The parties agree that the case should be decided based on the record before the Board. *See* 42 U.S.C. § 1395*oo*(f)(1) (providing that Medicare cases of this nature "shall be tried pursuant to the applicable provisions under chapter 7 of title 5" of the United States Code); *see also* 5 U.S.C. § 706 (explaining that a court conducting judicial review under the Administrative Procedure Act "shall review the whole record or those parts of it cited by a party"); *Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 387 (6th Cir. 2002) ("The focal point for judicial review [under the Administrative Procedure Act] should be the administrative record already in existence, not some new record made initially in the reviewing court.") (quoting *Camp*

2

*v. Pitts*, 411 U.S. 138, 142 (1973)). The parties do not anticipate that discovery beyond the Administrative Record will be necessary.

### D. Administrative Record

Defendant will file the certified list of the contents of the Administrative Record on or before April 24, 2026, and by that same date share an electronic copy of the Administrative Record with Plaintiff. If Plaintiff disputes the completeness of the administrative record, Plaintiff shall meet and confer with Defendant and, if the parties are unable to resolve the issue, may file a motion to complete the administrative record by May 25, 2026. Defendant will file any response by June 15, 2026, and Plaintiff will file a reply by June 29, 2026.

### E. Cross-Motions for Summary Judgment in Lieu of Trial

The parties agree that ultimately, this case should be resolved through briefing. The parties agree that briefing should be conducted through cross-motions for summary judgment with the understanding that the parties will most likely be requesting to extend the page limits based on the complexity of this case and the length of the record

Excepting a dispute as to the completeness of the Administrative Record, the parties have agreed to the following proposed schedule for summary judgment:

- On or before June 8, 2026 – Plaintiff's motion for summary judgment and supporting memorandum;

- On or before July 23, 2026 – Defendant's cross-motion for summary judgment and supporting memorandum and opposition to Plaintiff's motion for summary judgment;

- On or before August 24, 2026 – Plaintiff's reply in support of their motion for summary judgment and opposition to Defendant's cross-motion for summary judgment;

- On or before September 23, 2026 – Defendant's reply in support of his cross-motion for summary judgment; and

3

- On or before October 7, 2026 – Joint Appendix containing those portions of the Administrative Record cited by the parties in their summary-judgment briefing.

**F.      Time for Pre-Trial Motions**

The parties do not anticipate seeking leave to join additional parties or to amend their pleadings.  However, if that should change, motions to join additional parties or amend pleadings must be filed on or before May 8, 2026. The parties discussed the possibility of other pretrial motions but cannot stipulate whether they will be filed at this time and/or the time needed to file and resolve those motions before the start of summary-judgment briefing.

**G.      Consent to Magistrate**

The parties do not consent to the jurisdiction of a magistrate judge for further proceedings.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

BY:      s/ Charles P. Wisdom Jr.
   Assistant United States Attorney
   260 West Vine St., Ste 300
   Lexington, Kentucky 40507-1612
   859-685-4903
   Charles.Wisdom@usdoj.gov

   Elizabeth Davis Stone
   Assistant United States Attorney
   260 West Vine St., Ste 300
   Lexington, Kentucky 40507-1612
   859-685-4923
   Elizabeth.Stone@usdoj.gov
   *Counsel for Defendants*

4

WYATT, TARRANT & COMBS, LLP


BY:      s/ Stephen R. Price
         400 West Market Street
         Suite 2000
         Louisville KY 40202-2898
         Cell: 502-321-5638
         Email: sprice@bricker.com

         Jennifer L. Wintergerst
         400 West Market Street
         Suite 2000
         Louisville KY 40202-2898
         Email: jwintergerst@bricker.com

         *Counsel for Plaintiffs*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 25, 2026, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ Charles P. Wisdom Jr.
Assistant United States Attorney